## ANDREW BRADLEY and T. C. BRADLEY, Exr's. *vs.* GEORGE READ, Esq., Plff., b.

CERTIORARI. Exceptions. 1st, But one of the executors was summoned, and judgment is given against both. 2nd, The judgment is against the executors personally, and it ought to have been *of assets.* 3rd, The execution is against the executors personally, whereas, it ought to have been *de bonis testatoris.*

The Court reversed the judgment.

HARRINGTON, J., thought the judgment good, and the execution bad. The summons was regularly served on one of the executors. He appeared and went into a trial. The referees reported generally for plff., and the justice entered judgment for plff. without designating what kind of judgment, whether of assets or not. The 10th section of the Act of Assembly, *(Dig.* 336.*)* makes every judgment rendered by a justice against an executor as such, a judgment of assets. I take this then to be a judgment of assets, rendered against the estate of the deceased, which was represented by one of the executors, whose acts bind the estate as fully as if both had been summoned and were present. The execution does not pursue the judgment, and is vitious.